UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER LITTLE,

    Defendant.
_____/

Case No. 10-20170

Hon. John Corbett O'Meara

**ORDER GRANTING PETITION
TO VACATE SENTENCE**

Before the court is Defendant Christopher Little's petition to vacate sentence pursuant to 28 U.S.C. § 2255, which has been fully briefed. The court did not hear oral argument.

**BACKGROUND FACTS**

This case involves the application of the Fair Sentencing Act, which reduced the crack-to-powder cocaine sentencing disparity from 100-to-1 to 18-to-1. See 21 U.S.C. § 841 (West 2010). Under the Anti-Drug Abuse Act (1986 Drug Act), a person convicted of possessing with intent to distribute 5 grams of crack faced a five-year minimum sentence, whereas a person convicted of possessing 500 grams of powder cocaine faced the same minimum. In 2010, the Fair Sentencing Act ("FSA") was enacted. Relevant to this case, the FSA increased the crack cocaine

amount triggering the five-year mandatory minimum from 5 grams to 28 grams. The FSA took effect on August 3, 2010. The Sentencing Commission promulgated emergency Guidelines amendments that became effective on November 1, 2010. A permanent version of those Guidelines amendments took effect on November 1, 2011.

On April 7, 2010, Defendant was charged in a three-count indictment of distributing crack cocaine and of being a felon in possession of a firearm. On September 28, 2010, Defendant pleaded guilty to Count I of the indictment, which charged him with the distribution of 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). In entering the Rule 11 plea agreement, the parties anticipated a sentencing guideline range of 60 months. See Docket No. 14 (Plea Agreement). Because Defendant was considered a "career offender," however, the probation department calculated his guideline range to be 188 to 235 months. Without the career offender enhancement, the guideline range was 30 to 37 months (reflecting the amended guideline range following the enactment of the FSA). The government moved for a downward departure based upon Defendant's substantial assistance and requested a sentence of 71 months. The court agreed that a departure downward from the guideline range was appropriate and sentenced Defendant to a term of 60 months imprisonment, the mandatory minimum under

the 1986 Drug Act. At the time (February 15, 2011), the court believed that it was constrained by this mandatory minimum, because Defendant committed his offense prior to the enactment of the FSA. See United States v. Carradine, 621 F.3d 575 (6th Cir. 2010) (holding FSA not retroactive), abrogated by Dorsey v. U.S., 132 S.Ct. 2321 (2012).

The Supreme Court held in Dorsey, however, that "Congress intended the Fair Sentencing Acts's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Dorsey, 132 S.Ct. at 2335. Defendant falls into this category. Through counsel, Defendant filed a motion under 28 U.S.C. § 2255 to vacate his sentence pursuant to Dorsey. Defendant has also filed a pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

## LAW AND ANALYSIS

In re-sentencing defendants in compliance with Dorsey, district courts have relied upon both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255. See, e.g., United States v. Price, 2012 WL 3263577 (S.D. Ill. Aug. 9, 2012) (§ 3582(c)(2)); United States v. Bailey, 2013 WL 1828669 (S.D. N.Y. Apr. 29, 2013) (same); Lawe v. U.S., 905 F. Supp.2d 744 (E.D. Va. 2012) (§ 2255); United States v. Curry, 2013 WL 5530345 (W.D. La. Oct. 4, 2013) (same). Under the circumstances, the court concludes that the more appropriate procedural vehicle is 28 U.S.C. § 2255. See

United States v. Frost, 2013 WL 1688348 (E.D. Mich. Apr. 18, 2013); United States v. Bradley, 2012 WL 3637747 (D. S.C. Aug. 22, 2012).  18 U.S.C. § 3582(c)(2) permits the court to modify a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In this case, Defendant was sentenced based upon a statutory mandatory minimum rather than a calculated sentencing range; as a result, Defendant cannot obtain relief under § 3582(c)(2).  See United States v. Passmore, 503 Fed. Appx. 340, 341-42 (6th Cir. 2012); Oten v. United States, 2013 WL 5596016 at *1-2 (D. Conn. Oct. 11, 2013) (recharacterizing defendant's § 3582(c)(2) motion for a reduction of sentence under Dorsey as a § 2255 motion); Hughlett v. United States, 2013 WL 5728733 (E.D. Tenn. Oct. 22, 2013) (denying relief pursuant to Dorsey under § 3582(c)(2), but granting motion under § 2255).

Defendant must, therefore, seek relief pursuant to § 2255.  The government contends that Defendant's motion is untimely.[1]  Section 2255(f) provides:

---

[1] The court notes with concern that the government has not taken a consistent position on this matter.  See Hughlett, 2013 WL 5728733 at *3 n.3 (government did not contest § 2255 motion on basis of timeliness or retroactivity, "but rather *agrees the Court may vacate and resentence Hughlett based on the FSA and Dorsey*"); United States v. Bailey, 2013 WL 1828669 at *5 (S.D. N.Y. Apr. 29, 2013) (noting the government has not taken a consistent position "in all cases where the FSA and *Dorsey* are implicated. . . . This suggests to me that the Government is deciding, on some undisclosed and capricious basis, who shall reap the benefit of *Dorsey* and who shall not.  Put otherwise, the Executive Branch is effectively making sentencing decisions.  That is not its prerogative.").

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of –
>> (1) the date on which the judgment of conviction becomes final;
>> * * *
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Id. Defendant's motion is not timely pursuant to § 2255(f)(1), because it was filed more than one year after the judgment became final. Defendant argues that his motion is timely pursuant to § 2255(f)(3), because it was filed within one year of the Supreme Court's decision in Dorsey.

The government argues that § 2255(f)(3) does not apply because Dorsey has not been made "retroactively applicable to cases on collateral review." The two cases cited by the government for this proposition are unpersuasive, however. In United States v. Bennett, 2013 WL 170333 (W.D. N.C. Jan. 16, 2013), the court stated, without analysis, that "[a]s there is no reported decision finding *Dorsey* retroactive on collateral review, the court finds . . . that petitioner cannot bring a *Dorsey* claim under § 2255(f)(3). Id. at *11. In Williams v. United States, 2012 WL 4792910 (M.D. Fla. Oct. 9, 2012), the court noted, without citation or analysis, that Dorsey was not retroactive on collateral review. Id. at *2 n.3. This statement

was dicta, however, since Dorsey did not apply to the defendant in Williams, who was sentenced prior to the enactment of the FSA.

Contrary to the suggestion of the Bennett court, a district court may make its own finding regarding retroactivity. See Ashley v. United States, 266 F.3d 671, 673 (7th Cir. 2001) ("District and appellate courts, no less than the Supreme Court, may issue opinions 'holding' that a decision applies retroactively to cases on collateral review."). In order for Defendant to be entitled to retroactive relief under Dorsey, the following elements must be met: "(1) the defendant's judgment must be final when the rule is announced; (2) the rule must in fact be new; and (3) the rule must be either a substantive rule of criminal law or a watershed rule of criminal procedure." Jones v. United States, 689 F.3d 621, 624 (6th Cir. 2012) (citations omitted) (holding Begay v. United States, 553 U.S. 137 (2008) to be retroactive).

Defendant's judgment was final in 2011 and Dorsey was announced in 2012; therefore, the first element is met. Dorsey also announced a "new rule," "because its holding was not dictated by prior precedent." Jones, 689 F.3d at 624. Indeed, the law in the Sixth Circuit at the time was contrary to the rule announced in Dorsey. See Carradine, 621 F.3d at 580 (holding FSA not retroactive and affirming imposition of mandatory minimum in place prior to FSA).

The court also finds that Dorsey announced a new substantive rule "because it substantially altered the punishment certain categories of defendants may face for a crime." Jones, 689 F.3d at 625.  The Sixth Circuit has described substantive rules as follows:

> Substantive rules are "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." They also include "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." Substantive rules "apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him."  Procedural rules, on the other hand, "do not produce a class of persons convicted of conduct that the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise."

Id. (citing Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004), O'Dell v. Netherland, 521 U.S. 151, 157 (1997)).

After Dorsey, it is clear that the FSA's revised mandatory minimums apply to Defendant, who was sentenced after the enactment of the statute.  Having been convicted of distributing 5 grams of crack cocaine, Defendant is not subject to a mandatory minimum sentence.  To hold otherwise would subject him to "a

punishment that the law cannot impose upon him." Schriro, 542 U.S. at 352. Accordingly, the rule announced in Dorsey is properly viewed as substantive.

Having found that Defendant is entitled to retroactive relief under Dorsey, the court further finds that Defendant's § 2255 motion is timely under § 2255(f)(3), because it was filed within one year of the date of the Dorsey decision. As a result, Defendant is entitled to re-sentencing.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is GRANTED. The court will re-sentence Defendant at a date to be scheduled.

IT IS FURTHER ORDERED that Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: October 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 29, 2013, using the ECF system.

                                      s/William Barkholz
                                      Case Manager